Filed 7/24/14  Currency v. Wertheim CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| CURRENCY CORPORATION, et al., | B249808 |
| Plaintiffs and Appellants, | |
| v. | (Los Angeles County Super. Ct. No. BC441026) |
| WERTHEIM, LLC, et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Los Angeles County Superior Court.  Maureen Duffy-Lewis, Judge.  Appeal dismissed.

Mayer Brown, Michael L. Resch and Donald M. Falk for Plaintiffs and Appellants.

Law Offices of Robert S. Besser and Robert S. Besser; Lauren M. Greene; Armen Manasserian for Defendants and Respondents.

_____

During the pendency of a prior appeal in this matter the trial court entered an order disqualifying plaintiff's counsel, which order was also appealed. In the meantime, we entered a reversal in the first appeal, which led the trial court to dismiss the case. Counsel for plaintiffs, not joined by plaintiffs themselves, request we entertain the second appeal notwithstanding the dismissal and reverse the disqualification order, contending the order might carry over to other actions pending between the parties. We decline to do so. The disqualification issue is moot and the appeal dismissed.

## BACKGROUND

Appellant Currency Corporation (Currency) made scores of small loans to a borrower, respondent Maibell Page, over the course of a dozen years, each memorialized by a note and secured by Page's income. Of all the notes memorializing loans, only one contained an arbitration provision. Page and her assignee, respondent Wertheim, LLC, (collectively "Page"), instituted arbitration proceedings against Currency pursuant to that one note, and the arbitrators determined that the provision in that note applied to all the other notes. The arbitrators then determined Currency violated the terms of every note, and awarded Page $672,122. The Superior Court of Los Angeles County confirmed the award, and Currency appealed.

During the pendency of the appeal, Page filed a motion in the trial court to disqualify Currency's counsel, Michael Resch and Mayer Brown, LLP. The trial court granted the motion, and Currency appealed that order as well.

In the meantime, we concluded the arbitration provision pertained to only the note that contained it, and reversed the order confirming the $672,122 award. The trial court subsequently dismissed the action.

Although the disqualification order and ensuing appeal appear moot following dismissal, Currency's counsel, Resch and Mayer Brown, urge us to exercise our discretion and reverse their disqualification. Counsel offers two reasons for the request: (1) the same controversy may recur because there are several actions currently pending

2

between the parties; and (2) the appeal presents an issue of broad public interest in determining the scope and duration of disqualification.

## DISCUSSION

Generally, an appellate court's jurisdiction extends only to actual controversies for which it can grant effective relief. (*In re Christina A*. (2001) 91 Cal.App.4th 1153, 1158.) If subsequent acts or events render the issues raised in an appeal moot, those issues no longer present a justiciable controversy. (*Id.* at p. 1158.) However, an appellate court may exercise its discretion and decide on the merits of an otherwise moot appeal when: (1) a material question remains before the court for determination; (2) the same controversy between the parties may recur; or (3) the case involves an issue of broad public interest "capable of repetition, yet evading review." (*Id.* at p. 1153.)

It is undisputed the material question exception does not apply here. Once the arbitration award – which was the sole issue in the underlying case – was vacated and the action dismissed, no substantive issue remained. Currency's counsel contends, however, that the other two exceptions apply.

Mayer Brown argues that the disqualification issue might recur because appellants and respondents are currently involved in several other lawsuits. Although the firm represents no one in that litigation at this time, counsel argues the disqualification issue could arise if Currency was to "seek representation from Mayer Brown in any of these disputes" at some unspecified later date.

We conclude no justiciable controversy exists. Counsel only speculates whether Currency will retain it in other or future litigation against respondents, and if it does, counsel can only speculate whether respondents will again raise the disqualification issue. Such suppositions fail to establish a reasonable likelihood that the disqualification dispute will recur.

Counsel also argues that the disqualification order presents a matter of broad public interest. We disagree. (Cf. *In re Christina A*., *supra*, 91 Cal.App.4th at p. 1159 [reunification and permanency plans for dependent children are matters of broad public

3

interest, and the expedited nature of dependency proceedings may repeatedly cause such issues to evade review].)  Disqualification of private counsel does not present a matter of interest to the general public.

We conclude the appeal is moot and no exception applies.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED.


CHANEY, Acting P. J.


We concur:


JOHNSON, J.


MILLER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.